## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 88-20075 |
| | ) | |
| ABELEE BRONSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Abelee Bronson was convicted by a jury in 1989 of armed robbery, and he was sentenced to 262 months in prison.  His case is once again before the court on his Petition Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence (Doc. 68) and a Motion for Transcripts (Doc. 71).  The court previously issued an Order setting a date for a response to be filed by the government and a reply by the movant (Doc. 70).  That order is now vacated and, for the reasons set for below, both of these motions are denied.

**1.     Motion for Reduction**

Mr. Bronson suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines.  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).

Mr. Bronson relies on Amendment 709, which modified § 4A1.1 and § 4A1.2 of the sentencing guidelines to change the way certain prior conviction affect a defendant's criminal history category.  Mr. Bronson attempts to use Amendment 709 to argue that his sentence should have been imposed concurrently to a previous sentence he had received.

But Amendment 709 is not listed as a specific amendment covered by § 1B1.10, so it does not apply retroactively and thus may not serve as support for a § 3582 reduction in sentence.   U.S.S.G. § 1B1.10.

## 2.    Motion for Transcripts

Mr. Bronson also requests a copy of the transcript from his sentencing hearing so that he can prepare a reply to any response from the Government and for any future litigation issues in this case.   Under 28 U.S.C. § 753(f), a defendant is entitled to a copy of his transcript if he demonstrates "that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."   *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *United States v. Williams*, 2006 WL 2692826, at *2 (D. Kan.

Sept. 19, 2006).

Mr. Bronson's request for a reduced sentence does not raise a nonfrivolous issue, as explained above.  And his suggestion that there might be future litigation issues in this case does not satisfy the requirement under § 753(f) because defendant does not have a constitutional right to a transcript for "exploratory use."  *Hines v Baker*, 422 F.2d 1002, 1007 (10th Cir. 1970).

**IT IS THEREFORE ORDERED BY THE COURT** that the Order setting deadlines (Doc. 70) is vacated.

**IT IS FURTHER ORDERED** that defendant's Petition Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence (Doc. 68) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Transcripts (Doc. 71) is denied.

**IT IS SO ORDERED** this 29th day of April, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3