IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                         **Case No. 88-20075-JWL**
                                                      **Civil Case No:  16-2459-JWL**

**Abelee Bronson,**

    **Defendant.**

## MEMORANDUM & ORDER

In 1989, following a jury trial, defendant Abelee Bronson was convicted under 18 U.S.C. §§ 2113(a) and (d) of armed robbery.  Mr. Bronson was classified as a career offender under § 4B1.1 of the then-mandatory guidelines and was ultimately sentenced to 262 months imprisonment to run consecutive to a like sentence he received in federal court in Missouri for another robbery.  Mr. Bronson's classification as a career offender increased his sentencing range from 84-105 months to 262-300 months.  *See United States v. Brunson*, 907 F.2d 117, 120 (10th Cir. 1990).

In June 2016, Mr. Bronson filed a § 2255(f)(3) petition seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Shortly thereafter, counsel for the parties agreed to stay the proceedings in this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).  After the Supreme Court issued that decision (and left open the question whether defendants who were sentenced under the mandatory Guidelines—as Mr. Bronson was— may challenge their sentences for vagueness), the court lifted the stay and the parties briefed Mr. Bronson's § 2255 petition.  Counsel for Mr. Bronson then notified the court of his intent to file a

supplemental brief after the Supreme Court's opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) on the grounds that *Dimaya* could bear on Mr. Bronson's case. The court, then, essentially stayed the proceedings again pending a decision in *Dimaya* and ordered Mr. Bronson to file his supplemental brief within 21 days of the *Dimaya* opinion.

Mr. Bronson has now filed a status report and a motion requesting a briefing schedule so that the parties may fully address the impact, if any, of *Dimaya* on two Tenth Circuit decisions, *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018) and *United States v. Mulay*, 2018 WL 985741 (10th Cir. Feb. 20, 2018). Both *Greer* and *Mulay* answered the question left open by the Supreme Court in *Beckles* and held that *Johnson* does not apply to mandatory Guidelines cases on collateral review. In those cases, the Circuit reasoned that the right recognized by the Supreme Court in *Johnson*—for purposes of the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA)—was limited to a defendant's right not to have his sentence increased under the residual clause of the ACCA and, accordingly, a defendant who had been sentenced under the mandatory Guidelines rather than the ACCA had not invoked such a right. In *Dimaya*, the Supreme Court did not limit *Johnson* to the ACCA and, instead, applied the reasoning of *Johnson* to support a finding that the residual clause in a similarly worded statute, 8 U.S.C. § 16(b), was unconstitutionally vague. 138 S Ct. at 1223.

Mr. Bronson contends that *Dimaya* directly contradicts *Greer* and *Mulay* such that those cases have been superseded and he asks this court to find that *Johnson* applies to mandatory Guidelines cases on collateral review and to grant his § 2255 petition on that basis. In the alternative, Mr. Bronson asks the court, if it denies his petition, to grant a certificate of appealability on the issue of whether *Dimaya* has sufficiently undermined *Greer* and *Mulay* to

Case 2:88-cr-20075-JWL   Document 117   Filed 05/01/18   Page 3 of 5

warrant a retreat from the holding in those cases. Mr. Bronson has advised the court that the government takes no position on whether the court should grant a certificate of appealability.

The court denies Mr. Bronson's motion requesting a briefing schedule and dismisses Mr. Bronson's § 2255 petition as untimely under § 2255(f)(3). As Mr. Bronson candidly admits, the Circuit has settled the issue of whether *Johnson* applies to mandatory Guidelines cases on collateral review and has squarely held that, for purposes of § 2255(f)(3), the right recognized by the Supreme Court in *Johnson* was limited to a defendant's right not to have his sentence increased under the residual clause of the ACCA. Under Circuit precedent, then, Mr. Bronson, who was sentenced under the mandatory Guidelines rather than the ACCA, has not invoked a "right . . . newly recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Moreover, the court rejects Mr. Bronson's argument that *Dimaya* contradicts, supersedes or invalidates the Circuit's holding in *Greer* and *Mulay*. *Dimaya* applied the reasoning of *Johnson* to a similarly worded statute outside the context of the AEDPA. In both *Greer* and *Mulay*, the Circuit's review was confined by the AEDPA and its procedural requirement that a habeas petitioner file a claim for relief within one year of a "newly recognized right" to the relief requested. *Dimaya*, then, does not dictate that *Johnson*, for purposes of the AEDPA, recognized a right broader than the right described by the Tenth Circuit in *Greer* and *Mulay*. Because *Dimaya* does not contradict *Greer* and *Mulay*, this court is required to follow those decisions. *See United States v. Spedalieri,* 910 F.2d 707, 709 & n.2 (10th Cir. 1990) (district court is bound by Tenth Circuit precedent); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) ("[W]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015)). It is not for this court

to read the tea leaves to attempt to determine whether the Circuit would rethink its position.  In light of *Greer* and *Mulay*, the court finds that Mr. Bronson's § 2255(f)(3) petition is untimely filed because it does not assert a right recognized by the Supreme Court in *Johnson.*

Because the court is entering a final order adverse to Mr. Bronson, it considers whether to issue a certificate of appealability.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Under this standard, the court believes that a certificate of appealability is appropriate because reasonable jurists would find it debatable whether *Dimaya* sufficiently undermines the Circuit's rationale in *Greer* and *Mulay* to warrant a retreat from the holding in those cases such that Mr. Bronson's petition would be deemed timely filed for purposes of § 2255(f)(3).  Whether it did so is better left for the Court of Appeals.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Bronson's motion to vacate under 28 U.S.C. § 2255 (doc. 98) is **dismissed** and Mr. Bronson's motion to order briefing schedule (doc. 116) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **granted.**

**IT IS SO ORDERED.**

Dated this 1st day of May, 2018, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge