IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                               **Case No. 88-20075-JWL**

**Abelee Bronson,**

      **Defendant.**

## MEMORANDUM & ORDER

In 1989, following a jury trial, defendant Abelee Bronson was convicted under 18 U.S.C. §§ 2113(a) and (d) of armed robbery. Mr. Bronson was classified as a career offender under § 4B1.1 of the then-mandatory guidelines and was ultimately sentenced to 262 months imprisonment to run consecutive to a like sentence he received in federal court in Missouri for another robbery. Mr. Bronson's classification as a career offender increased his sentencing range from 84-105 months to 262-300 months.

Recently, the court dismissed as untimely Mr. Bronson's § 2255(f)(3) petition seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In doing so, the court followed two Tenth Circuit decisions, *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018) and *United States v. Mulay*, 2018 WL 985741 (10th Cir. Feb. 20, 2018). Both *Greer* and *Mulay* answered the question left open by the Supreme Court in *Beckles* and held that *Johnson* does not apply to cases like Mr. Bronson's case—a mandatory Guidelines case on collateral review. The court also rejected defense counsel's argument that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), contradicts, supersedes or invalidates the Circuit's holdings in

*Greer* and *Mulay*.  As highlighted by the court, *Dimaya* applied the reasoning of *Johnson* to a similarly worded statute outside the context of the AEDPA; in contrast, in both *Greer* and *Mulay*, the Circuit's review was confined by the AEDPA and its procedural requirement that a habeas petitioner file a claim for relief within one year of a "newly recognized right" to the relief requested.  The court, however, granted a certificate of appealability to Mr. Bronson on this issue.

Now, Mr. Bronson has filed a motion for substitution of counsel, arguing that the performance of his appointed counsel (the Federal Public Defender) in connection with his § 2255(f)(3) petition was so deficient that it fell below an objective standard of reasonableness and violated his Sixth Amendment rights.  He seeks the appointment of new counsel for purposes of his appeal.  The motion is denied.  To begin, there is no constitutional right to counsel beyond the direct appeal of a conviction.  *Swazo v. Wyo. Dep't of Corrs*., 23 F.3d 332, 333 (10th Cir. 1994).  "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  At this stage of the proceedings, then, Mr. Bronson is not entitled to the appointment of counsel.  The court exercised its discretion in appointing the Federal Public Defender to review Mr. Bronson's case and file any appropriate motions on Mr. Bronson's behalf.

Moreover, in all respects, the Federal Public Defender has provided effective, competent and thorough representation to Mr. Bronson with respect to his § 2255(f)(3) petition.  While Mr. Bronson complains that his counsel filed a "status report" instead of a "supplemental brief," the substance of the filing made by Mr. Bronson's counsel was consistent with what the court envisioned when it ordered counsel to file a supplemental brief within 30 days of the *Dimaya*

opinion. In other words, the label attached to the filing is not pertinent in any respect and Mr. Bronson has not shown otherwise. Mr. Bronson also contends that his case is governed by the Tenth Circuit's decision in *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016) and that his counsel should have made that argument to the court. That case, like *Dimaya*, held that 18 U.S.C. § 16(b)'s definition of "crime of violence" was unconstitutionally vague in light of *Johnson*—a holding that was made outside the context of the AEDPA. For the same reasons that *Dimaya* does not invalidate *Greer* and *Mulay*, *Golicov* does not govern Mr. Bronson's case. Finally, Mr. Bronson argues that his counsel should have argued that *Dimaya* provides the means to resolve his petition on the merits. But that is exactly the argument that defense counsel made to the court in his status report. The fact that this court rejected the argument does not render counsel's representation ineffective in any respect.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Bronson's motion for substitution of counsel (doc. 118) is **denied.**

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2018, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge